IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**REBECCA LOUISE WRIGHT**                                                    **PLAINTIFF**

vs.                                                   **CIVIL ACTION NO. 3:16CV21-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration**            **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Rebecca Louise Wright appeals a decision by the Commissioner of Social Security denying her application for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Plaintiff protectively applied for disability on September 12, 2012, alleging disability beginning on March 8, 2012. Docket 7, p. 183-86, 205. Her claim was denied initially on November 29, 2012, and on reconsideration on February 21, 2013. *Id.* at 81-92, 930101. She requested a hearing (*id.* at 113-14) and was represented by counsel at the hearing held on July 17, 2014. *Id.* at 35-78. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 10, 2014 (*id.* at 8-30), and the Appeals Council denied plaintiff's request for a review on November 24, 2015. *Id.* at 1-4. Plaintiff timely filed this appeal from the ALJ's most recent decision under 42 U.S.C. § 405(g), and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on February 15, 1972 and has a GED. Docket 7, p. 53. She was forty years old at the time of her application for benefits and forty-one years old at the time of the

hearing. Her past relevant work was as a janitor and a bus driver. *Id.* at 73. Plaintiff contends that she became disabled before her application for disability as a result of "bipolar disorder, hypertension, back injury, hand injury." Docket 7, p. 205. The ALJ determined that plaintiff suffered from "severe" impairments of "depression, anxiety/posttraumatic stress disorder and alcohol abuse." (Docket 7, p. 13), but that her impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d)). *Id.* at 14.

Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, *including plaintiff's substance use disorder*, the ALJ determined that plaintiff retains the Residual Functional Capacity [RFC] to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to routine, repetitive tasks with simple decisions and judgment, no interaction with co-workers and supervisors, no interaction with the public, retains the ability to adjust to occasional changes in the work setting but is not capable of working at a production rate pace.

Docket 7, p. 16. During the hearing, the VE testified that plaintiff would not be able to perform her past relevant work. *Id.* at 74. After evaluating all of the evidence in the record, including the testimony of the VE, and taking into account plaintiff's substance use disorder, the ALJ determined that there are no jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id.* at 19.

The ALJ then went through the five-step sequential process for a second time and issued a second RFC, concluding that *if plaintiff ceased her substance abuse*, she could

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to routine, repetitive tasks with simple decisions and judgment, she can engage in occasional interaction with co-workers and

2

> supervisors but no interaction with the public, she can adjust to occasional changes in work setting, but cannot work at a production rate pace.

The ALJ further found that even if she stopped the substance use, plaintiff would still be unable to perform her past relevant work. However, she concluded that there are significant jobs in the national economy that plaintiff can perform, such as floor waxer, a wiper and a stuffer. Docket 7, p. 29. As a result, the ALJ found that plaintiff's "substance use disorder is a contributing factor material to the determination of disability because [she] would not be disabled if she stopped the substance use . . . ," and plaintiff therefore was not disabled.

Plaintiff claims that the ALJ erred by concluding that plaintiff's alcohol abuse was a contributing factor in her inability to work. Docket 13, p. 5.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is

---

[1] *See* 20 C.F.R. §§ 404.1520 (2012).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b) (2012).

[4] 20 C.F.R. §§ 404.1520(c) (2012).

disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even

---

[5] 20 C.F.R. §§ 404.1520(d) (2012). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2011).

[6] 20 C.F.R. §§ 404.1520(e) (2012).

[7] 20 C.F.R §§ 404.1520(g)(2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

4

if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

On appeal, plaintiff argues that the ALJ erred in concluding that her alcohol use was the cause of her inability to work. Docket 13, p. 5. According to plaintiff, "[t]he medical evidence is clear that the plaintiff was not, on the date of the hearing, and for at least six months prior to April 2014 not using substances of any kind." *Id.* She argues that the uncontradicted medical evidence establishes that alcohol is not a material factor in her disability, and the ALJ substituted her own opinion for the plaintiff's treating physicians and clinicians. *Id.* Plaintiff's very limited brief notes that no "doctor or mental health professional, ever opined that the plaintiff currently suffered from a severe impairment related to alcohol abuse or a current substance abuse

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

disorder." Docket 7, p. 6. Plaintiff vaguely cites to Exhibit 13F for support of plaintiff's discontinuation of alcohol months before the hearing, but this exhibit is a Psychiatric Review Technique form completed on August 6, 2013, when plaintiff was still apparently consuming alcohol. Plaintiff also relies upon Exhibit 14F for the proposition that her "disabling impairments had, since her sobriety, worsened," but 14F is a Psychiatric Review Techique form completed by Dr. Culpepper, and it does not indicate that her impairments had worsened at all. In fact, the PRT only states that plaintiff was in "partial early remission" from alcohol and does not state that any symptoms had worsened. Docket 7, p. 509.

As noted by the Commissioner plaintiff bears the burden of proving her alcohol use is not a contributing factor to her disability. Docket 14, p. 6. According to the Commissioner, the ALJ properly considered the opinions of plaintiff's treating sources, along with those of the consulting physicians, and weighing the evidence, concluded that plaintiff's mental functioning was greater than she claimed. Docket 14, p. 10-11. The Commissioner points out the ALJ's lengthy examination of plaintiff's impairments, including her alcohol use, to develop an RFC that includes the alcohol use and then a second evaluation that did not include the alcohol use. Ultimately, the Commissioner notes that plaintiff's very brief two-page argument fails to demonstrate that plaintiff met her burden of proving that her alcohol use was not a contributing factor material to the ALJ's disability determination. Docket 11, p. 14.

Based upon a review of the record in its entirety, the undersigned is of the opinion that the ALJ thoroughly considered the opinions of all physicians, therapists and consulting physicians and properly concluded that plaintiff's alcohol use was a contributing factor material to the determination of disability. The ALJ's 19-page decision details the five step sequential

evaluation considering plaintiff's impairments first with and then without plaintiff's alcohol use. The ALJ examined plaintiff's treatment records from her inpatient treatment in 2012, treatment at Communicare, and the state agency opinion.[11]  Docket 7, p. 487-500, 548-561.  The ALJ further considered the opinion of Dr. Sylvester McDonnieal, a state agency physician that provided the Disability Determination Explanation, and afforded it great weight because it was consistent with the overall mental evaluation findings despite the fact that his opinion did not address plaintiff's impairments associated with alcohol dependence.  Docket 7, p. 17.

The ALJ also examined the records and opinions of therapist Lindsay W. Schnetzer and gave them little weight because they were based upon a treating relationship of only a two months and because a therapist's opinions are not weighed as heavily as those of physicians. The ALJ gave great weight to the opinions of Dr. Thomas, a consultative examiner. *Id.*  Dr. Thomas concluded that plaintiff has "questionable ability to perform routine, repetitive tasks, poor consistency, questionable ability to interact with coworkers, fair ability to receive supervision, and questionable ability to sustain attention."  Docket 7, p. 17.  He concluded her prognosis was "questionable to poor without maintaining treatment and developing and maintaining sobriety."  *Id.*  The ALJ afforded Dr. Culpepper's opinions some weight, but discounted his opinion that plaintiff had marked restriction in the areas of daily living, maintaining social functioning, concentration, persistence or pace and three episodes of decompensation; she found that his opinion that plaintiff suffered from marked restriction in multiple areas was unsupported by the objective medical evidence or plaintiff's own reported

---

[11]The signature of the state agency physician is illegible and not documented on the Psychiatric Review Technique form.

activities of daily living. Docket 7, p. 18. In doing so, she specifically detailed multiple other evaluations that contradict Dr. Culpepper's findings, as well as noting that plaintiff only had one episode of decompensation. Last, the ALJ discussed the medical source statement provided by Rachel Davis opining that plaintiff is unable to work due to alcohol, but only afforded it little weight as it concerns an area reserved for the Commissioner. *Id.*

The responsibility for determining the plaintiff's RFC belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), but in doing so she must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite any physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). An ALJ may not establish physical limitations or the lack of such limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

Based upon a review of the record in its entirety, the undersigned is of the opinion that the ALJ did not substitute her opinion for the opinion of plaintiff's treating physicians. Rather, her decision thoroughly reviewed all of the evidence in the record, applied the correct legal standard and properly concluded that plaintiff's alcohol use was a contributing factor material to the determination of disability. Plaintiff has not met the burden of proving that her alcohol use was not a contributing factor to her disability and that she is unable to perform work related functions even when not using alcohol. Based on the hearing transcript, it is obvious that the

ALJ found plaintiff's situation very difficult and she attempted to obtain all of the evidence possible to award benefits, but was left with no option but to deny benefits based upon the record evidence.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 22nd day of September, 2016.

                                                    /s/ S. Allan Alexander
                                                    UNITED STATES MAGISTRATE JUDGE